IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BLANCA ESTELLE CANTU, #14220-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:09cv344 |
| | | CRIMINAL ACTION NO. 4:07cr42(5) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Blanca Estelle Cantu filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging violations concerning her Eastern District of Texas, Sherman Division conviction in Case No. 4:07cr42(5). The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the lawsuit.

Background

On January 29, 2009, Movant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of Title 21 U.S.C. § 846. On October 22, 2008, Movant was sentenced to 210 months of imprisonment. She did not file a direct appeal.

Movant filed the present § 2255 motion, claiming that she is entitled to relief because (1) her counsel was ineffective for failing to inform her of relevant law as it pertained to her waiver, (2) the information Movant provided to law enforcement during her cooperation with the Government should not have been used against her, and (3) her plea of guilty was not knowingly and voluntarily

1

made. The Government filed a Response, asserting that Movant voluntarily and knowingly pleaded guilty, and that her remaining claims are barred by her plea agreement. Movant did not file a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an

ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

<u>Ineffective Assistance of Counsel</u>

In the present case, Movant asserts that her plea was not knowingly and voluntarily made. This issue is connected to her first issue – that her counsel was ineffective for not informing her of the relevant law. She claims that due to trial counsel's failure to inform her adequately, she "unknowingly and unintelligently relinquished her right to the unlawful sentence imposed of the erroneous calculation of her criminal history, the calculation of the drug amount and the finding of the offense which Petitioner admitted to committing resulted in the serious bodily injury of another person as a result of co-defendants drug sales and not sells of Petitioner." While not completely clear, it appears that Movant is claiming that her plea was not knowing and voluntarily made based on ineffective assistance of counsel. Accordingly, this Court will examine the circumstances surrounding her plea.

A movant who seeks to overturn her conviction on the grounds of ineffective assistance of counsel must prove her entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel

rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that she did not understand the nature of a constitutional protection she was waiving or that she had "such an incomplete understanding of the charges against [her] that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against her and the consequences of her plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

Movant signed a plea agreement, which states:

> I have read this Plea Agreement and have carefully reviewed every

> part of it with my attorney. I fully understand it and voluntarily agree
> to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of
> this case with her lawyer and is fully satisfied with that lawyer's legal
> representation. Defendant has received satisfactory explanations
> from her lawyer concerning each paragraph of this plea agreement,
> each of her rights affected thereby, and the alternatives to entering a
> guilty plea. After conferring with counsel, Defendant concedes guilt
> and has concluded that it is in her best interest to enter this agreement
> rather than proceeding to trial.

Finally, Movant stated in her plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement." Consequently, Movant's conclusory allegation in her motion that her plea was not knowingly or voluntarily made is contradicted by her signed plea agreement.

At the plea hearing, held on February 6, 2008, the Court asked Movant if she was satisfied by her representation of her counsel, to which she replied, "Yes." The Court admonished Movant of the rights she was waiving - the right to trial, the right to confront and cross-examine witnesses, and the right to present a defense. The Court discussed the elements of the crime and what the Government would have to prove. It also explained to Movant that these are the elements to which she is pleading guilty. She stated that she understood. The Court then reviewed the minimum and maximum penalties for the offense. The Court noted that restitution may be imposed as well. Movant confirmed that she was aware that she may lose her resident status after serving her time, resulting in deportation. She also stated that she understood the property that she is forfeiting. After confirming that Movant had read the plea agreement, understood it, and that it was her signature on it, the Court discussed Movant's stipulation with the Government that an appropriate

5

imprisonment term is thirty years. Movant stated that she understood the terms and further understood that it was not binding on the Court. The Court stressed that thirty years is a very long time to be imprisoned. Movant confirmed that her plea was freely and voluntarily made, that no person forced or threatened her, or made promises other than that included in the plea agreement. She affirmed that she had thought about the consequences of the plea and determined that it was the best course for her.

The Court admonished Movant that she was giving up her right to appeal her conviction and sentence on all grounds, as well as her right to postconviction proceedings under 28 U.S.C. 2255, except for a sentence imposed in excess of the statutory maximum, or a claim of ineffective assistance of counsel that goes to the validity of the waiver itself. Movant said that she understood the very narrow issues reserved for appeal. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon her. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

The Court then confirmed with Movant that it is her signature appearing on the statement of facts in support of plea agreement. Movant stated that the facts were true. The Court found that Movant knowingly and voluntarily consented to the administration of the guilty plea, that Movant was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of her plea, and that her plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

Additionally, on February 6, 2008, Movant signed a Consent to Administration of Guilty Plea (docket entry #1319). In the consent, written both in English and Spanish, Movant stated that she understood her trial rights, and that by pleading guilty, she knew she was giving up those rights – except for the right to counsel. She affirmed that she understood that the Court will consult the Sentencing Guidelines in assessing a sentence, but understood that the Court is not bound by the guidelines. She stated that she understood that, although she may have been given a possible range of punishment, it is only an estimate, and that her punishment could be increased based on various factors. Movant affirmed that she was aware that the Court is not bound by any agreements between herself and the Government. She also understood that only the United States District Judge will determine her sentence.

Furthermore, Movant states that she was making her plea of guilty freely, and was not forced to plead guilty. She affirms that no promises had been made to her other than what was contained in the plea agreement. She stated that she was making the plea of guilty because she was guilty. Movant said she fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, and restitution. She said that she fully understood her plea agreement and has no reservations or questions concerning it.

Movant stated that she understood her appeal rights and that those rights could be limited by the terms of her plea agreement, which she fully understood. She said that she realized that she may not appeal her sentence or withdraw her plea of guilty if her sentence is greater than what she originally believed or what was told to her by her counsel. She represented that she was not under the influence of any substances or medications and that she was fully competent to enter a plea

before the Court. She also said that if she had any questions, she knew she could freely consult with her attorney. Movant represented that she was fully satisfied with her attorney's representation. She affirmed that the Factual Statement that she signed was true and correct, and that she had reviewed it and found no material errors in what she represented to the Court. She understood that her statements made in the Consent were made under the penalty of perjury.

Finally, Findings of Fact and Recommendation on Guilty Plea were filed on February 12, 2008. In it, the Court found that Movant, after consulting with her counsel, knowingly and voluntarily consented to the guilty plea and allocution. The Court further found that Movant was fully competent and capable of entering an informed plea and that she was aware of the nature of the charges and the consequences of the plea agreement. The Court stated that the plea of guilty was a knowing and voluntary plea that was supported by an independent basis in fact containing each of the essential elements of the offenses.

In reviewing the record, this Court concludes that Movant has not shown that she did not understand the nature of a constitutional protection that she was waiving or that she had "such an incomplete understanding of the charges against [her] that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). However, the defendant "need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *Id*. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Abies v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1977).

This Court concludes that Movant knowingly and voluntarily pleaded guilty – she fully understood the elements of the crime, the maximum sentencing range, and the rights she was waiving by pleading guilty. Furthermore, Movant fails to show error under the first prong of the *Strickland* test. She has not shown the "relevant law" that she claims her counsel failed to discuss with her. She has not shown how the revelation of the "relevant law" would have changed her decision to plead guilty. In essence, Movant has failed to prove that she was given deficient or misleading advice. Thus, she cannot show that, but for trial counsel's allegedly erroneous or deficient advice, she would have taken her chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Because Movant failed to prove the first *Strickland* prong, it is not necessary to analyze the second prong. However, Movant also failed to present facts from the record or citations to law that would support a claim that the outcome of her case would have been different. Therefore, she also fails to meet the second prong of the *Strickland* test.

In conclusion, Movant's waiver is effective to bar relief in this case. Her sentence of 210 months (less than the 360 months proposed by the Government and to which she agreed) did not exceed the maximum sentence of life imprisonment. She also has not shown ineffective assistance of counsel that affects the validity of her waiver. Because this Court has concluded that Movant's plea is knowing and voluntary, the plea agreement waiver bars relief on, or consideration of, her remaining claim. Consequently, this motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under

§ 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented

10

are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to her claims.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 4th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE